**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO.  96-336-3 |
| | : | |
| DAMEON BERRY | : | |

<u>MEMORANDUM AND ORDER</u>

Kauffman, J.                                                                December 17   , 2008

Defendant Dameon Berry ("Defendant") moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines.  For the reasons that follow, the Court will deny the Motion.


I.      **BACKGROUND**

On August 1, 1996, a federal grand jury returned a seven-count Indictment charging Defendant and two co-defendants with conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Count One); carjacking, in violation of 18 U.S.C. § 2119 (Counts Two, Four, and Six); and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three and Seven).[1]  On November 15, 1996, Defendant was convicted by a jury of all of the charges against him.  In calculating Defendant's guidelines range on Count Four of the Indictment, the Court, pursuant to U.S.S.G. § 2B3.2(b)(3)(A)(iii), enhanced Defendant's offense level by five levels because one of his co-defendants brandished a firearm during the commission

---

[1]      Defendant was not charged in Count Five of the Indictment.

1

of the attempted carjacking.[2]  The co-defendant's conduct was found to be reasonably foreseeable to Defendant, as well as within the scope of his jointly undertaken criminal activity.  In calculating Defendant's guidelines range on the other two carjacking charges (Counts Two and Six), both of which were related to the § 924(c) counts (Counts Three and Seven), the Court did not assign a § 2B3.2(b)(3)(A)(iii) enhancement.  The Court determined that Defendant's criminal history category was I and his total offense level was 30.  Thus, under the sentencing guidelines, Defendant was subject to 97 to 121 months of imprisonment on Counts One, Two, Four and Six, plus an additional mandatory consecutive sentence of 300 months of imprisonment on the two § 924(c) counts (Counts Three and Seven).  On March 14, 1997, Defendant was sentenced by the Honorable Joseph L. McGlynn Jr. to 397 months imprisonment.[3]

In the present Motion, Defendant argues that the § 2B3.2(b)(3)(A)(iii) enhancement that he received on Count Four of the Indictment is barred by the retroactive application of Amendment 599 of the Sentencing Guidelines.

## II.    DISCUSSION

Section 3582(c)(2) of Title 18, United States Code authorizes district courts to re-sentence criminal defendants in accordance with retroactive Guidelines amendments.  On November 1, 2000, the Sentencing Commission approved Amendment 599, which clarifies the

---

[2]     Section 2B3.2(b)(3)(A)(iii) of the Sentencing Guidelines provides that when calculating a defendant's offense level, "if a firearm was brandished or possessed, increase by 5 levels."

[3]     On March 10, 1999, the matter was transferred from Judge McGlynn's calendar to the calendar of this Court.

circumstances in which defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction

with convictions for other offenses may receive weapon enhancements for those other offenses.[4]

As amended, U.S.S.G. § 2K2.4 provides in relevant part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an
> underlying offense, do not apply any specific offense characteristic for possession,
> brandishing, use, or discharge of an explosive or firearm when determining the sentence
> for the underlying offense.  A sentence under this guideline accounts for any explosive or
> weapon enhancement for the underlying offense of conviction, including any such
> enhancement that would apply based on conduct for which the defendant is accountable
> under § 1B1.3 . . . .

U.S.S.G. § 2K2.4.  Defendant argues that the above language indicates that the Court should not

have considered any additional weapon enhancements.

Defendant's Motion, however, omits the final sentence of the above quoted paragraph,

which provides an example of when a weapon enhancement would apply: "However, if a

defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in

connection with only one of the robberies, a weapon enhancement would apply to the bank

robbery which was not the basis for the 18 U.S.C. § 924(c) conviction."  Id.   Here, Defendant

was not charged with a § 924(c) violation in connection with the carjacking count for which he

received the weapon enhancement (Count Four); he was charged with 18 U.S.C. § 924(c)

violations only for Counts Two and Six.

Accordingly, the Court finds that the § 2B3.2(b)(3)(A)(iii) five-level enhancement was

appropriate as to Count Four even after the enactment of Amendment 599, and that Defendant's

sentence should not be reduced.

---

[4]        Amendment 599 was made retroactive by Amendment 713.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO.  96-336-3** |
| | : | |
| **DAMEON BERRY** | : | |

## <u>ORDER</u>

      **AND NOW**, this    17th    day of December, 2008, upon consideration of

Defendant's <u>Pro Se</u> Motion Pursuant to 18 U.S.C. § 3582(c)(2) (docket no. 177) and the

Government's Opposition thereto (docket no. 182), and for the reasons stated in the

accompanying Memorandum, it is **ORDERED** that the Motion is **DENIED**.


           **BY THE COURT:**


            **S/ BRUCE W. KAUFFMAN**
            **BRUCE W. KAUFFMAN,   J.**