IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION |
| v. | : |
| | : NO. 96-336-3 |
| DAMEON BERRY | : |

## MEMORANDUM

**Chief Judge Juan R. Sanchez**                                                              **January 18, 2022**

Defendant Dameon Berry moves for early, "compassionate" release from his 33-year sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Inasmuch as this Court cannot find Berry has shown circumstances warranting early release under this statute, his motion shall be denied.

**FACTUAL BACKGROUND**

This case arose on January 6 and January 14, 1996 when Dameon Berry, together with his co-defendants Tevin Lewis and Tyrone Briggs, carjacked and/or attempted to carjack three vehicles in the City of Philadelphia. At the time of the crimes, the three were armed and in the course of committing and trying to commit the carjackings, the trio attempted to murder all three victims. In the first of the three carjackings, Berry tried to run down the victim, who luckily escaped. Lewis tried to shoot two of the victims, but fortunately his firearm did not discharge on one of those occasions and on the other, he missed. Briggs failed in his attempt at murder because his gun also did not fire. After the third carjacking was attempted, the victim, a Budget-Rent-A-Car security guard, immediately contacted the Philadelphia police and the three defendants were located a short while later. Following a high-speed chase in which they led two police cruisers through various sections of the city, Briggs, Lewis and Berry were caught after crashing the stolen

1

car in which they were travelling the wrong way down Overington Street into a pole and running away.

On November 15, 1996 following a four-day jury trial, Lewis, Briggs and Berry were all convicted of one count of conspiracy to commit carjackings in violation of 18 U.S.C. § 371, one count of carjacking and aiding and abetting in violation of 18 U.S.C. § 2119(1) and (2), two counts of attempted carjacking and aiding and abetting also in violation of 18 U.S.C. § 2119(1) and (2), and three counts of using a firearm in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C.  § 924(c)(1), and (2).  At sentencing, Judge McGlynn, to whom the case was then assigned, sentenced Briggs to a total of 397 months in prison. Briggs is now 44 years old.

**DISCUSSION**

Generally speaking, federal courts "may not modify a term of imprisonment once it has been imposed." *Dillon v. U.S.,* 560 U.S. 817, 819 (2010)(quoting 18 U.S.C. § 3582(c)).  There are, however, a few, limited exceptions to this general principle.  One such exception is outlined in § 3582(c)(1)(A) which affords early "compassionate release" to inmates for whom the Court deems such relief appropriate.  Here, Defendant Berry is asking this Court for early, "compassionate" release from his 33-year sentence for participating in the carjackings and firearms offenses at issue on the grounds that his case presents an "extraordinary and compelling reason" for reduction as a result of the First Step Act amendment to 18 U.S.C. § 924(c) (using a firearm in relation to a crime of violence).  First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22.

Under 18 U.S.C. § 3582 (c)(1)(A)(i), the Court can reduce a term of imprisonment on motion by a defendant "after considering the factors set forth in [18 U.S.C.] §3553(a) to the extent that they are applicable, if it finds that - (i) extraordinary and compelling reasons warrant such a reduction" … "and that such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission." *Id.*  Like his two co-defendants, Berry also raises as an extraordinary and compelling reason the First Step Act's § 924(c) amendment, under which the 25-year mandatory minimum sentence for subsequent offenses is now only imposed if a defendant already had a final conviction for a § 924(c) offense at the time the second or subsequent offense was committed. 18 U.S.C. § 924(c)(1)(C)(i).  Berry was convicted of two § 924(c) violations in a single prosecution under a prior version of the statute and he therefore was sentenced to a 20-year minimum sentence on his second conviction, which occurred in the same proceeding as his first.  This was proper at the time.  *See*, *e.g., Deal v. United States*, 508 U.S. 129, 132 (1993) (holding requirement under § 924(c) of enhanced sentence for subsequent conviction of carrying firearm during crime of violence was applicable to second through sixth of six counts on which accused was found guilty in single proceeding). If sentenced today, Berry would likely have received a much lighter sentence.

Berry's argument, however, was considered and rejected by the Third Circuit in its August 30, 2021 decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021).  Addressing the same issues as those presented here under strikingly similar facts, the Third Circuit first observed that "Congress specifically chose not to apply the new sentencing scheme to people who had already been sentenced under the old version."  *Id.,* at 257(citing § 403(b)).  The court then went on to hold: "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance…" and "the nonretroactive changes to the 924(c) mandatory minimums also cannot be a basis for compassionate release."  *Id,* at 260-261.  This Court is bound by *Andrews* and Berry has therefore not shown the §924(c)(1)(C) amendment constitutes an extraordinary and compelling reason warranting reduction of his term of imprisonment.

However, this is not to say that such a change in the sentencing scheme is wholly irrelevant. *Andrews* also counsels that "[i]f a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors." 12 F. 4th at 262.  The § 3553(a) factors relevant here include: the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and to protect the public from further crimes of the defendant.  § 3553(a)(1) – (2).  In considering these factors, the record reflects that Berry was convicted together with two others of three very violent car jackings which took place over a one-month period of time in which murder of the victims was attempted but thankfully did not succeed.  Although he was just 19 years old at the time and did not himself try to shoot either of the victims, Berry nevertheless drove the car and tried to run down the first victim.  He was thereby an integral part of the carjacking schemes. Further, despite knowing that his co-conspirators attempted to shoot the victims, Berry nevertheless elected to continue to participate in the crimes.  When the Philadelphia police attempted to apprehend Berry and his co-defendants, they were led on a high-speed chase in one of the carjacked vehicles going the wrong way down a one-way street.  After crashing that vehicle into a utility pole, Berry and the others fled on foot, but were eventually apprehended. The Court finds the nature and circumstances of Berry's criminal conduct to have been serious, extremely dangerous and worthy of a significant term of imprisonment.  Although the sentencing judge, Judge McGlynn, gave Berry the minimum sentence on the carjacking and conspiracy charges, the sentences on the two firearms (§ 924(c)) offenses were, as previously noted, mandatory.  Regardless, significant sentences were appropriate given the violent nature of the crimes and were

undoubtedly intended to promote respect for the law, deter such future criminal conduct and protect the public. The Court finds these factors weigh strongly against early release.

In addition to raising his young age and clean criminal record at the time of the offenses, Berry additionally claims as extraordinary and compelling reasons his rehabilitation while in prison and the danger posed to him, an asthma patient, by the COVID-19 pandemic. Def's Mot. for Comp. Rel., 4-6 (ECF No. 252). Although not binding in cases such as this where a defendant makes a compassionate release motion on his own behalf, the Policy Statement applicable to § 3582(c)(1)(A) set forth in U.S.S.G. § 1B1.13, still provides guidance in ascertaining the meaning of "extraordinary and compelling reasons" given that 'Congress legislates against the backdrop of existing law.'" *Andrews*, 12 F.4th at 259-260 (quoting *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, ___U.S.___, 139 S. Ct. 1881, 1890 (2019)). Hence, while the courts are free to interpret the meaning of "extraordinary and compelling" for themselves, the existing Policy Statement may properly be considered for guidance in this inquiry. *Id.*

The existing policy statement provides several examples of what may constitute extraordinary and compelling reasons. These include the defendant suffering from a terminal illness, serious physical or medical condition, serious functional or cognitive impairment or experiencing deteriorating physical or mental health due to the aging process that substantially diminishes his ability to care for himself within the prison environment. Commentary Application Note 1(A). Additional pertinent factors arise where the defendant is at least 65 years old and has served at least 10 years or 75% of his sentence and is experiencing a serious deterioration in mental and/or physical health as a result of age or where the caregiver of a defendant's minor children dies or becomes incapacitated or a defendant's spouse or registered partner becomes incapacitated and the defendant is that person's only available caregiver. *Id*.

None of these circumstances has been pled or shown to exist here. Although Berry alleges he suffers from asthma, the medical records provided evince that his asthma is under control and "in remission." The Government also notes Berry has received two doses of the Moderna COVID-19 vaccine and thus any danger posed to his health by the virus has been significantly ameliorated. Berry has availed himself of many of the educational and training opportunities afforded him in the prison setting and he has a clean disciplinary record. While his educational and rehabilitative efforts and his disciplinary record militate in favor of affording Berry relief and are applauded by the Court, the Court nevertheless finds they are outweighed by the seriousness and violent nature of the crimes committed and the importance of promoting respect for the rule of law and deterring such criminal behavior in the future. For this reason, the Court finds its discretion is properly exercised by denying the motion for early release.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sanchez
_____
Juan R. Sanchez,      C.J.